USCA1 Opinion

 

 December 15, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1651 ALFREDO HUALDE REDIN, ET AL., Plaintiffs, Appellants, v. ANABEL TORRES, SUPERINTENDENT OF POLICE PUERTO RICO, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Torruella and Selya, Circuit Judges. ______________ ____________________ Alfredo Hualde Redin and Maria Susana Costa De Hualde-Redin on ____________________ brief pro se. Carlos Lugo Fiol, Acting Solicitor General, and Vannessa Ramirez, _________________ ________________ Assistant Solicitor General, on brief for government appellees. Luis A. Gonzalez on brief for appellees William Balbi, Anabela _________________ Torres, Jose Sarro, Awilda Torre and Cecelia Herrans Lopez. ____________________ ____________________ Per Curiam. We affirm substantially for the ___________ reasons stated by the district court in its March 24, 1993, April 16, 1993, and May 18, 1993 opinions and orders. We add the following. 1. With respect to plaintiffs' Fourth Amendment claim, regardless what plaintiffs' rights in the vestibule may be under Puerto Rico law, People v. Perez, 15 P.R. Sup. ______ _____ Ct. Off'l Translations 1095, 1099 (1984), the officers' entry into the common vestibule did not violate the federal constitution. United States v. Concepcion, 942 F.2d 1170, _____________ __________ 1171 (7th Cir. 1991) (officers' entry into locked common area shared by five tenants did not violate the Fourth Amendment because a tenant has no reasonable expectancy of privacy in the common areas of an apartment building); United States v. ______________ Penco, 612 F.2d 19, 24-25 (2d Cir. 1979) ("The Fourth _____ Amendment protection accorded to an apartment dweller's home does not extend to the lobby of his apartment building . . . or the area just inside a hall door that was meant to lock but did not . . . or the hallway just outside his apartment door . . .."); United States v. Cruz Pagan, 537 F.2d 554, _____________ __________ 557-58 (1st Cir. 1976) (noting that whether or not agents' entry into condominium garage was a technical trespass "is not the relevant inquiry" and concluding that condominium owner had no reasonable expectation of privacy in garage area). -2- 2. With respect to plaintiffs' claims that the police failed adequately to investigate plaintiffs' various complaints and take ameliorative action, plaintiffs failed to state a federal claim. DeShaney v. Winnebago County Dept. of ________ _________________________ Social Services, 489 U.S. 189, 195-97 (1989) ("[N]othing in _______________ the language of the Due Process Clause . . . requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security."). 3. All the briefs and reply briefs plaintiffs filed have been considered. Plaintiffs' motions to strike appellees' briefs, for oral argument, for further briefing time, and to sanction appellees are all denied. Affirmed. ________ -3-